KANSAS CITY SOUTHERN RAILWAY COMPANY *v.* H. ROUW COMPANY.

Opinion delivered November 29, 1926.

1. CARRIERS—INJURY TO PERISHABLE FREIGHT—JURY QUESTION.—In an action against a railroad for damage to a shipment of strawberries, whether the damage occurred before shipment or in transit *held* for the jury under conflicting evidence.

2. TRIAL—CHARGE CONSTRUED AS A WHOLE.—In an action against a railroad for damage to a car of strawberries, an instruction that a common carrier is an insurer of goods accepted for transportation in interstate commerce was not erroneous where other instructions stated the exceptions to the rule, and the jury were told to consider all the instructions together.

3. TRIAL—INSTRUCTION—GENERAL EXCEPTION.—In an action against a railroad for damages to a car of strawberries, an instruction that the amount of recovery should be the difference between the market value of the berries in sound condition at the time of delivery and their value as delivered, with interest, while an imperfect statement of the law, was not open to a general objection.

4. CARRIERS—NEGLIGENCE IN TRANSPORTATION—EXCESSIVE DAMAGES.— An award of $600 for damage to a carload of strawberries for damages in transportation was not excessive where the evidence would have sustained a recovery of $900.

Appeal from Sebastian Circuit Court, Fort Smith District; *John E. Tatum,* Judge; affirmed.

*James B. McDonough* and *Joseph R. Brown,* for appellant.

*Roy Gean,* for appellee.

HUMPHREYS, J.   This suit was instituted by appellees against appellant in the circuit court of the Fort Smith District of Sebastian County, to recover the sum of $900.55 and interest for damages to a car of strawber-

ries shipped by appellees from Mena, Arkansas, to Kansas City, Missouri, on the 2d day of June, 1923, through the alleged negligence of appellant in the following particulars:

"(a).  In carelessly and negligently failing to properly ventilate said car while in transit.  (b).  In carelessly and negligently failing and refusing to furnish a car in proper repair and condition for the transportation of strawberries.  (c).  In carelessly and negligently failing to properly ice said car while in transit.  (d).  In carelessly and negligently mishandling said car while in transit by violently jerking, stopping, slamming and pushing said car."

Appellant filed an answer denying the material allegations of the complaint.

The cause was submitted upon the pleadings, testimony adduced and instructions of the court, which resulted in a verdict and judgment in favor of appellees for $600, from which is this appeal.

The undisputed testimony showed that car A.R.T. 16570 arrived iced, and was set on the siding at Mena for loading about 9 o'clock P. M., May 30, 1923; that it was delivered to appellees for loading at 7 o'clock A. M., May 31, 1923; that appellees began loading and continued until completed on June 2, 1923, at 5 o'clock P. M., at which hour the bill of lading was issued by appellant in the name of J. L. Hagen for appellees, from whom said appellees had bought the berries before same were loaded; that it required longer to load the car than the time of twenty-four hours fixed by the Interstate Commerce Commission, so that appellees were required to pay demurrage charges in order to have the required additional time to finish loading; that, during the period of loading, no request was made by appellees themselves or J. L. Hagen, their representative, to have the car re-iced; that no request was made by S. B. Byrd, the inspector of refrigerated cars, to the agent of appellant, who issued the bill of lading, to note thereon that the berries were in a damaged condition before or at the particular time of

the shipment; that the car of berries arrived in Kansas City June 4, 1923, in a soft, overripe and moldy condition; that, on account of their damaged condition, they were sold on the market for $2.10 per crate, whereas merchantable berries were selling for $4 a crate at the time.

The record reflects a dispute in the testimony as to the kind and condition of the berries at the time of shipment. J. L. Cannon, one of the appellees, testified, in substance, that he had been engaged in shipping perishable fruits for ten years; that he purchased this car of berries from J. L. Hagen for himself and his coappellee, and made a thorough inspection of them when loaded, being present almost continuously during the period of loading; that they were hauled about two miles over a good road, in trucks, to the car, immediately after being picked; that they were of uniform size and of good quality, not soft or water-soaked; that he examined a large number of the crates by taking the berries from the tops or sides of the crate and pouring them into a V-shaped holder so that every berry in a box could be seen; that he last saw the berries about thirty minutes before the bill of lading was issued, and that they were in good condition; that he climbed on top of the car on the 2d day of June and found plenty of ice in the bunkers to carry them to the first icing point; that the crates were sufficiently and properly braced to keep them from slipping and jarring the berries in transit, unless roughly handled; that berries in the condition these were could have been in transit from six to seven days without injury, if properly iced, ventilated and handled as they should have been; that these berries could not have been injured in any other way than by a failure to properly ice, ventilate and handle them.

Burrell Collins, who received and marketed the car of berries, testified, in substance, that the condition in which the berries arrived in Kansas City was due to over-heating on account of improper refrigeration, foul air in the car, and the shifting of the bracing in transit;

and that the mold upon them could not have resulted from the manner in which the berries were handled in loading them, or from waiting on the platform before shipment.

S. L. Robinson testified, in substance, that, if the berries arrived in a weakened condition, soft, moldy and overripe, in Kansas City, their damaged condition was probably caused by improper refrigeration; that heat caused berries in cars to become moldy.

The testimony introduced by appellant tended to show that the car was handled carefully, properly refrigerated and ventilated in transit, and that they arrived in Kansas City in the same condition in which they were at the time same were shipped.

Employees of appellant at the icing stations en route testified that the car was properly refrigerated and ventilated while en route from Mena to Kansas City, and the conductors in charge of the train pulling the car testified that the car was carefully handled in transit.

The inspector of refrigeration, S. B. Byrd, testified that he was present at Mena when the bill of lading was issued by the station agent to J. L. Hagen for appellees; that the berries went into the car 60 per cent. small, 30 per cent. medium, 10 per cent. large, 45 per cent. overripe, 30 per cent. ripe, 15 per cent. under-ripe, 10 per cent. bruised and cut, 20 per cent. with rotten spots on them, 40 per cent. water-soaked, and 20 per cent. sandy and covered with field mud.

Appellee J. L. Cannon testified that he did not see S. B. Byrd around the car at any time during the three days it was being loaded, and S. B. Byrd testified that he did not see said appellee around the car during said time.

Appellant first contends for a reversal of the judgment on the alleged ground that the evidence is insufficient to support the verdict. The position taken by appellant is that the relation of carrier and shipper did not exist until the issuance of the bill of lading, and at that particular time S. B. Byrd was the only witness pres-

ent and the only one who inspected and knew the condition of the berries. He testified that the berries were practically worthless and unmerchantable at the time the bill of lading was issued, and learned counsel for appellant takes the position that his testimony was uncontradicted by any other witness. We cannot agree with them in this position, because appellee, J. L. Cannon, testified that he was present during the period the berries were being loaded, and that they were No. 1 berries, placed in the car in good condition, and properly braced. He saw them only a half an hour before the bill of lading was issued, and their condition could not have materially changed in that sort space of time. He was corroborated by Burrell Collins, who testified that the damaged condition in which the berries arrived in Kansas City was due to an overheated car, resulting from a lack of proper refrigeration in transit. He also testified that the braces had shifted, caused by careless and negligent handling. The testimony of these two witnesses, coming out of their experience as shippers of perishable fruits, amounted to a contradiction of Byrd's testimony and produced a conflict in the evidence for determination by the jury. This issue of fact was determined against appellant by the jury, and is binding upon it.

Appellant's next contention for a reversal of the judgment is that the court erred in giving the plaintiff's requested instruction numbered 2. This instruction is as follows:

"You are instructed that a common carrier of freight is an insurer of goods, wares and merchandise delivered to and accepted by such carrier for transportation in interstate commerce." The instruction is assailed because it failed to tell the jury that appellant was not an insurer against the inherent quality of the berries, or where the damage to them occurred through the fault of appellees. These exceptions to the rule announced in said instruction were given under separate instructions, and the jury was told not to decide the case on any one instruc-

tion but to take all the instructions together as the law of the case.

Appellant's next contention for a reversal of the judgment is that the court erred in giving instruction numbered 6, upon the measure of damages. This instruction is as follows:

"If you find for the plaintiff, you will fix the amount of its recovery at the difference, if any, as shown by the evidence, between the fair market value of the berries at Kansas City, Mo., in sound condition at the time of delivery, and their fair market value in Kansas City, Mo., at the time of delivery, in their damaged condition, with interest from such time to date at the rate of six per cent. per annum."

Appellant contends that this instruction in effect tells the jury to assess appellees' damage, if any, by taking the price of a car of perfect berries and subtracting from that figure the price of the berries actually shipped. We agree with appellant that the measure of damages in cases of this class is the difference between the market price of the commodity at destination in the condition it would have been in if it had not been damaged through the carrier's negligence, and the market price in its damaged condition. We cannot agree, however, with appellant upon the construction it has placed upon said instruction. We think the court imperfectly announced the rule contended for by appellant. If there was anything misleading in the instruction, it should have been pointed out to the court by a specific exception. Only a general exception was made to the instruction.

Appellant's last contention for a reversal of the judgment is that the verdict is excessive. The testimony in the case showed that appellees were damaged in a greater amount than the jury awarded them. The proof in the case would have supported a verdict for $900.

No error appearing, the judgment is affirmed.